COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




DARIE WAYNE SIMS,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00023-CR



Appeal from the


194th Judicial District Court


of Dallas County, Texas 


(TC# F-0663651-LM) 



O P I N I O N


 Darie Sims appeals his conviction for unlawful possession of a controlled substance. He
was sentenced to 20 years confinement in the Institutional Division of the Texas Department of
Criminal Justice. In a single issue, Appellant argues he is entitled to a new trial because he was
denied effective assistance of counsel during sentencing. We affirm.

 Appellant elected to be sentenced by a jury. Appellant plead "not true," to the
enhancement paragraph in the court's charge, and the State proceeded to offer evidence of
Appellant's twenty-eight prior convictions. The State offered Exhibits Four through Thirty-One
and the testimony of Richard Hamb, a Dallas County Sheriff's Office Identification Section
fingerprint expert. Mr. Hamb testified that he obtained Appellant's fingerprints several days
prior to trial in order to compare them to the prints identifying the offender convicted of the prior
offenses. According to Mr. Hamb's analysis, the Appellant's fingerprints matched those in the
prior offense files, and he concluded that Appellant was the same individual who was convicted
on twenty-seven of the prior occasions based on his fingerprint analysis. As for the 

twenty-eighth conviction, an identity misuse case, Mr. Hamb testified that the file fingerprint was
not sufficient for a comparison, but he was able to identify Appellant as the defendant in that
case based on his involvement in the prior investigation. The State also introduced Exhibits
Thirty-Two and Thirty-Three; summaries of the convictions Mr. Hamb linked to Appellant. 
Appellant's attorney did not object to the introduction of the evidence linking Appellant to the
prior offenses. The jury found the enhancement paragraph "true" and sentenced Appellant to
twenty years' imprisonment.

 Appellant presents a single issue for our review. He contends that he received ineffective
assistance of counsel when his attorney failed to object to the admission of State's Exhibits Four
through Thirty-One. Specifically, Appellant contends that his attorney should have objected to
the evidence of his prior convictions on the basis that three of the exhibits were lacking
judgments and sentences. He also contends that his attorney should have objected to the
admission of the conviction summaries.

 We review claims of ineffective assistance of counsel under a two-pronged test. First, an
appellant must establish counsel's performance fell below an objective standard of
reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. 668,
687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Mallet v. State, 65 S.W.3d 59, 62-3
(Tex.Crim.App. 2001). Second, the appellant must establish that counsel's deficient
performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Jackson v.
State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Prejudice is established by a showing that
there is a reasonable probability that but for counsel's unprofessional errors, the result of the
proceeding would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Mallet, 65
S.W.3d at 62-3. A reasonable probability is a probability sufficient to undermine confidence in
the outcome. Mallet, 65 S.W.3d at 63. Claims of ineffective assistance must be proved by a
preponderance of the evidence. Bone v. State, 77 S.W.3d 828, 835 (Tex.Crim.App. 2002).

 When we review a claim of ineffective assistance, we must indulge a strong presumption
that counsel's conduct falls within the wide range of reasonable, professional assistance, and the
appellant must overcome the presumption that the challenged conduct can be considered sound
trial strategy. Jackson, 877 S.W.2d at 771. Allegations of ineffectiveness must be firmly
founded in the record. Mallet, 65 S.W.3d at 65. The record on direct appeal will generally be
insufficient to show that counsel's representation was so deficient as to meet the first prong of
the Strickland analysis because the reasonableness of counsel's choices often involve facts that
do not appear in the appellate record. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Crim.App.
2003). An appellant challenging trial counsel's performance, therefore, faces a difficult burden
and a substantial risk of failure. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). 

 Appellant argues that he received ineffective assistance of counsel when his attorney
failed to object to the admission of evidence of his prior offenses. However, the record does not
demonstrate that counsel had an unprofessional reason for failing to object, nor does it contain an
instance where counsel had an opportunity to explain his decision. To overcome the first prong
of Strickland, the appellant must produce a record affirmatively demonstrating the objectively
unprofessional conduct. See Bone, 77 S.W.3d at 835. Without such a record, we are bound by
the presumption that counsel's conduct fell within the wide range of reasonable professional
assistance, and that the challenged action can be considered reasonable trial strategy. Jackson,
877 S.W.2d at 771. In addition, without proof of unprofessional conduct we cannot determine
that Appellant's defense was prejudiced by the representation. Strickland, 466 U.S. at 687, 104
S.Ct. at 2064; Jackson, 877 S.W.2d at 771. Therefore, we overrule Appellant's sole issue and
affirm the judgment.


May 8, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)